IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY RAYBURN**                                                                                 **PETITIONER**

**v.**                                                 **CIVIL ACTION NO. 1:09-cv-384-LG-RHW**

**MIKE BYRD, et al.**                                                        **RESPONDENTS**

## MEMORANDUM OPINION
## DISMISSING THE PETITIONER'S COMPLAINT

The Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 on June 23, 2009. On August 27, 2009, an order was entered directing Petitioner to file a written response providing more information on or before September 17, 2009. The Petitioner was warned in this Court's order of August 27, 2009, that failure to timely comply with the requirements of the order may lead to the dismissal of his petition. Petitioner failed to comply with this order.

On October 19, 2009, this Court entered an order directing Petitioner to show cause why this cause should not be dismissed for Petitioner's failure to comply with the August 27, 2009, order, on or before November 4, 2009. Petitioner was also directed to comply with the August 27, 2009, order by filing a written response, on or before November 4, 2009. The Petitioner was warned that failure to timely comply with the requirements of the order may result in this cause being dismissed. Petitioner failed to comply with this order.

Petitioner has failed to comply with two Court orders and has not contacted this Court since August 20, 2009. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v.*

*Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the Respondents have not been called on to respond to Petitioner's pleading, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. Appx. 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

**SO ORDERED AND ADJUDGED** this the 8th day of December 2009.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge